IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DONNA DICKERSON** and **GERALD MITTIG**, on behalf of themselves and all others similarly situated,

      Plaintiffs,

    v.

**CABLE COMMUNICATIONS, INCORPORATED**, a Nevada corporation, and **WILLIAM KEVIN TOUCHTON**, an individual,

      Defendants.

Case No. 3:12-cv-00012-PK

**OPINION AND ORDER**

Michael J. Estok, Lindsay Hart, LLP, 1300 S.W. Fifth Avenue, Suite 3400, Portland, Oregon 97201. Toby J. Marshall and Jennifer R. Murray, Terrell Marshall Daudt & Willie PLLC, 936 North 34th Street, Suite 300, Seattle, Washington 98103. Attorneys for Plaintiffs.

Erin O. Sweeney and Mitchell C. Baker, Fisher & Phillips, LLP, 111 S.W. Fifth Avenue, Suite 1250, Portland, Oregon 97204. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      This is a wage and hour hybrid state law class action under Federal Rule of Civil Procedure 23 and federal law collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, brought on behalf of individuals who are or were employed as non-managerial employees by Defendants Cable Communications, Incorporated ("Cable Communications") and

PAGE 1 – OPINION AND ORDER

William Kevin Touchton, an owner and officer of Cable Communications. This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Dkt. 111) and Plaintiffs' counsel's motion for attorney's fees, costs, and an incentive award for the class representatives, which was submitted as part of Plaintiffs' Motion for Final Approval of Class Settlement.[1] For the reasons discussed below, Plaintiffs' motion for final approval is granted, and Plaintiffs' counsel's motion for fees and costs is granted in part. Plaintiffs are awarded $2,000 each as an incentive award and Plaintiffs' counsel is awarded 25 percent ($137,500) of the common settlement fund ($550,000) for attorney's fees and $15,314.61 for costs.

## BACKGROUND

On January 4, 2012, Plaintiffs filed a putative class action, alleging violations of state law and the FLSA.[2] Extensive discovery was taken and the case was litigated for nearly 15 months. During this process, Defendants represented to Plaintiffs that Defendants had financial problems and could not pay a class-wide judgment. Plaintiffs grew concerned about potential collection issues if they were successful at trial.[3] On March 29, 2013, during a judicial settlement conference with U. S. Magistrate Judge Thomas M. Coffin, the parties agreed to a settlement and

---

[1] Although Plaintiffs' counsel argued their request for fees and costs in the memorandum in support of Plaintiffs' motion for final approval of the settlement agreement, such requests are properly brought by counsel, not plaintiffs, and as a separate motion. *See*, *e.g.*, Fed. R. Civ. P. 23(h); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18 n.11 (C.D. Cal. June 10, 2005) ("Although the [fee] application is styled as one brought by 'Lead Plaintiffs,' the Court notes that it is actually Lead Counsel who applies for an award of attorneys' fees and reimbursement of expenses.").

[2] The Complaint was later amended twice, but the amendments are irrelevant to the pending motions.

[3] Defendants' insurance is a "wasting limits" $1 million policy that had approximately $880,000 left as of March 29, 2013.

PAGE 2 – OPINION AND ORDER

the conditional certification of a class for settlement purposes. In May 2013, the parties executed a Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement"). Under the Settlement Agreement, Defendants have put in a trust account a common fund of $550,000. This is the sum total to pay costs and expenses, attorney's fees, class representative incentive payments, and benefits to the class members who opted-in and became "Qualified Claimants" eligible to receive settlement payments. Each Qualified Claimant will receive a proportional share of the common fund based on the number of weeks worked at Cable Communications during the relevant time period. If any monies are not distributed from the settlement fund, they will be donated to the Campaign for Equal Justice. No funds will revert back to Defendants.

On June 14, 2013, U.S. Magistrate Judge Paul Papak approved a provisional class for settlement purposes, appointed Plaintiffs as class representatives, appointed Plaintiffs' counsel as class counsel, and preliminarily approved the Settlement Agreement. Dkt. 110. The provisionally-certified class includes non-managerial employees who worked as installation technicians in the state of Oregon at any time from December 19, 2005, through the execution of the Settlement Agreement. There are 533 class members.

In accordance with Judge Papak's Order, a Notice of Proposed Class Action Settlement and Release of Claims ("Notice") was sent to class members notifying them of the tentative settlement of the class action, that Defendants would pay $550,000 for claims, fees, costs, and incentive awards, that a Fairness Hearing was scheduled for October 15, 2013, and that they had until August 19, 2013 to: (1) exclude themselves from the settlement class; (2) opt-in to become a Qualified Claimant eligible to receive settlement monies; and (3) object to the settlement, including attorney's fees. The Notice further informed class members that Plaintiffs' counsel

PAGE 3 – OPINION AND ORDER

would seek: (1) no more than $165,000 (30 percent of the settlement fund) for attorney's fees; (2) $2,000 for incentive payments to each of the two named plaintiffs; and (3) approximately $16,314.16[4] for litigation costs and claim administration expenses. The Notice, however, did not inform class members where they could view the documents supporting counsel's request for attorney's fees and costs. No objections were filed to the proposed Settlement Agreement and no class members excluded themselves from the class. A total of 215 class members timely filed claim forms by August 19th. Three persons filed claim forms after the deadline, but within approximately one week of the deadline.

On September 3, 2013, Plaintiffs moved for final approval of the settlement agreement and included with that motion a request for an incentive award to Plaintiffs of $2,000 each, litigation costs in the amount of $7,761.50, claims administration expenses in the amount of $7,553.11, and attorney's fees in the amount of $165,000 (30% of the settlement fund). At that time, Plaintiffs' counsel also filed documents supporting the request for attorney's fees and costs.

On October 15, 2013, the Court held a Fairness Hearing and, after clarifying its concerns regarding the timing of the filing of the documents supporting counsel's request for attorney's fees and costs, continued the Fairness Hearing because Plaintiffs' counsel had not provided the class members with the opportunity to review the documents supporting counsel's attorney's fee request before the objection deadline of August 19, 2013, as is required under *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). A supplemental notice was then sent to all 533 class members notifying them that they have the right to object to counsel's fee request, and informing them where they could view the documents supporting counsel's fee request.

---

[4] Although the Notice included estimated costs of $16,314.16, Plaintiffs' counsel is seeking and has submitted supporting documentation for $15,314.61 for costs.

PAGE 4 – OPINION AND ORDER

On November 7, 2013, one class member requested leave to file a late claim form. He had not received either the Notice or the supplemental notice and had learned of the class action and settlement through a former co-worker. The Court held the continued Fairness Hearing on November 25, 2013.

## DISCUSSION

### A. Certification of the Class and Collective

Federal Rule of Civil Procedure 23 affords this Court with "broad discretion over certification of class actions . . . ." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011). A plaintiff seeking class certification must satisfy each requirement of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one subsection of Rule 23(b). *See, e.g.*, *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 725 (9th Cir. 2007). Judge Papak previously evaluated these factors in conditionally certifying the class for settlement purposes in his preliminary approval of the Settlement Agreement, and the Court finds no reason to alter that assessment.[5] Accordingly, the Court certifies for settlement purposes only the following class:

> All current and former employees of Cable Communications, Incorporated who worked as non-managerial installation technicians in the state of Oregon at any time from December 19, 2005 through May 28, 2013, who did not timely or properly elect to exclude themselves from the Settlement Agreement.

---

[5] Collective actions under the FLSA require that employees be "similarly situated." 29 U.S.C. § 216(b). This is generally considered a less stringent standard than the requirements for certification under Rule 23. *See, e.g.*, *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009). Thus, the Court's finding that the Rule 23 factors are met suffices for certification of the FLSA collective action.

## B. Settlement Agreement

To approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(3); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012). A similar standard applies to a collective action settlement under the FLSA. *See, e.g.*, *Shea v. Ryla Teleservices*, 2012 WL 4210291, at *2 (E.D. Cal. Sept. 18, 2012). The settlement must be considered as a whole, and although there are "strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement it to ensure it is 'fair, adequate, and free from collusion.'" *Lane*, 696 F.3d at 818-19 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). There are a number of factors guiding this review, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Id.* at 819. Courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length [sic], non-collusive, negotiated resolution." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

Class action settlements involve "unique due process concerns for absent class members who are bound by the court's judgments." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (quotation marks and citation omitted). Where the settlement agreement is negotiated before formal class certification, as in this case, the court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) . . . ." *Id.* (quotation marks and citation omitted).

PAGE 6 – OPINION AND ORDER

After considering the relevant factors, the Court finds that the Settlement Agreement is fair, reasonable, and adequate.[6] The settlement is the product of an arm's-length negotiation, with assistance from Judge Coffin, and there is no evidence of collusion or any other conflict of interest. Defendants have and continue to dispute the claims against them, and the case was litigated for more than a year, including extensive discovery, before settling. Without a settlement, Plaintiffs face the risk that the action will not be certified as a class action and that they will not succeed on the merits, and also face a significant risk that even if they were to succeed on the merits they would be unable to collect any judgment. Defendants' insurance policy limits would likely be exhausted defending class certification and any trial on the merits. Given Defendants' financial situation, the settlement fund is fair and reasonable. Further, each party's counsel is experienced and agrees to the settlement. Finally, class members were given adequate notice and due process, and no class member objected to the Settlement Agreement.

## C. Late-Filing Claimants

Although the parties stipulate to the Settlement Agreement, they do not agree on whether to include the late-filing claimants as Qualified Claimants. Plaintiffs request that the late-filing claimants be included as Qualified Claimants. At the first Fairness Hearing, Defendants objected to the inclusion of the three late-filing claimants. The Court indicated the objection was not well taken. At the continued Fairness Hearing, Defendants did not object to the inclusion of the fourth late-filing claimant.

The Court has discretion to accept late claims. *See In re Gympsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977). The Court finds that inclusion of all four late-filing claimants is

---

[6] The Court notes that under the Settlement Agreement, all class members release relevant state law causes of action, whereas only Qualified Claimants who opted-in to the settlement release the relevant FLSA causes of action.

PAGE 7 – OPINION AND ORDER

fair and reasonable. Defendants are not prejudiced by including additional Qualified Claimants because the total settlement fund is set at $550,000 regardless of the number of Qualified Claimants. The three claimants who filed within one week of the deadline were not substantially delinquent and their inclusion will reduce the recovery of the timely-filed Qualified Claimants by an average of approximately $23.34 per claim. The claimant who requested inclusion after the supplemental notice demonstrated that there was a typographical error in the address to which his notices were sent, and his inclusion reduces the recovery of the Qualified Claimants by an average of approximately $1.51 per claim. Further, the recovery per claimant even after including the four late-filing claimants is higher than the amounts estimated for each class member as provided to them with their Notice, and no class member objected to those recovery amounts. Accordingly, the Court orders that all four late-filing claimants be included as Qualified Claimants along with the 215 class members who timely-filed their claim forms.

### D. Incentive Award, Attorney's Fees, and Costs

#### 1. Class representative incentive awards

"Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit." *Radcliffe*, 715 F.3d at 1163. They are often taken from a common settlement fund. *Id.* Although incentive awards are "fairly typical in class action cases," *Rodrigue*, 563 F.3d at 958, they should be scrutinized carefully to ensure "that they do not undermine the adequacy of the class representatives." *Radcliffe*, 715 F.3d at 1163. The adequacy of class representatives can be undermined by, for example, incentive awards that are contingent on the named representatives approving the class settlement, *see id.* at 1164, or by disproportionately large incentive awards, *see Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (reversing district court's approval of incentive awards approximately sixteen times greater than the recovery of unnamed class members).

PAGE 8 – OPINION AND ORDER

Here, the requested incentive award is $2,000 for each of the two named representatives. The awards to Qualified Claimants range from a low of $19.30 (for a Qualified Claimant who worked only one week) to a high of $7,006.43.[7] Thus, the requested incentive awards are not disproportionately large. Moreover, the incentive awards were not contingent upon the named representatives' approval of the Settlement Agreement. The Court finds that the incentive awards are reasonable and do not undermine the adequacy of the named representatives.

### 2. Attorney's Fees

Requests for attorney's fees must be made by a motion pursuant to Federal Rules of Civil Procedure 54(d)(2) and 23(h), and notice of the motion must be served on all parties and class members. Fed. R. Civ. P. 23(h). When settlement is proposed along with a motion for certification, notice to class members of the fee motion ordinarily accompanies the notice of the settlement proposal itself. Advisory Committee Notes to Fed. R. Civ. P. 23(h). The deadline for class members to object to requested fees must be set after the motion for the fees and documents supporting the motion have been filed. *In re Mercury*, 618 F.3d at 993. "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." *Id.* at 994. Here, the original Notice and filing of the fee motion did not comply with *In re Mercury*. The supplemental notice and the continuation of the Fairness Hearing, however, cured the defect and provided class members with the opportunity to review class counsel's fee motion and supporting documents before the deadline to object.

---

[7] These numbers were calculated by counsel assuming the Court awards the attorney's fees requested. As discussed below, the Court is awarding attorney's fees in an amount lower than requested, so the Qualified Claimants' recovery will increase.

PAGE 9 – OPINION AND ORDER

In considering the amount of attorney's fees for class counsel where there is a common fund, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Under either method, the court must exercise its discretion to achieve a "reasonable" result. *Id*. Because reasonableness is the goal, "mechanical or formulaic application of either method, where it yields and unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When using the percentage method, 25 percent is the "benchmark" fee award, but this amount may be adjusted when "special circumstances" warrant a departure. *In re Bluetooth*, 654 F.3d at 942. Courts must place in the record the relevant special circumstances. *Id*. Factors that may be considered in making such a departure include: (1) the result obtained; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; (8) non-monetary or incidental benefits, including helping similarly situated persons nationwide by clarifying certain laws; and (9) comparison with counsel's lodestar. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005).

Plaintiffs' counsel requests that the Court apply an upward departure and award attorney's fees in the amount of 30 percent of the settlement fund. The Court perceives no special circumstances justifying an upward departure from the "benchmark" fee of 25 percent. The litigation lasted just over one year, the class certification process had not yet begun, the legal and factual issues are not complex, there are no issues of first impression or issues that would clarify certain laws, there are no non-monetary or incidental benefits, counsel failed to follow the

requirements of *In re Mercury*, and the risks involved were no greater than the average case. Counsel is, however, experienced, did obtain a good result in light of the circumstances, does have a claimed lodestar amount of approximately $216,000,[8] and no class member objected to the settlement or the fee award. Thus, the Court finds that a downward adjustment to the "benchmark" fee award is also not warranted and that 25 percent of the common fund is a reasonable fee award. Accordingly, the Court awards attorney's fees in the amount of 25 percent of the settlement fund—$137,500.

### 3. Costs

Plaintiffs' counsel seeks reimbursement from the common fund in the amount of $7,761.50 for litigation costs, including legal research, investigation, discovery, travel, mediation fees, and administrative costs. Counsel also seeks reimbursement in the amount of $7,553.11 in claim administration expenses, to cover the cost of distributing the original Notice to class members and the anticipated costs for distributing checks to Qualified Claimants and other final claims administration expenses.[9] The Court finds that these expenses have been reasonably and necessarily incurred and are recoverable from the proceeds of the common fund. *See, e.g.*, *Wininger v. SI Mgmt., L.P.*, 301 F.3d 1115, 1120-21 (9th Cir. 2002) (noting that "jurisdiction over a fund allows for the district court to spread the costs of the litigation among the recipients of the common benefit"); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D.

---

[8] Because the Court is exercising its discretion to use the percentage-of-the-common-fund method to calculate fees, it has not performed an examination of whether the hours worked and hourly rate claimed by Plaintiffs' counsel is reasonable. *See, e.g.*, *In re Bluetooth*, 654 F.3d at 942 ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar.").

[9] Reimbursement is not sought for the expenses associated with sending the supplemental notice.

PAGE 11 – OPINION AND ORDER

Cal. 1996) ("Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement.").

## CONCLUSION

The Court GRANTS IN PART Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Dkt. 111). The Court GRANTS the motion for final approval of the Settlement Agreement and orders that the four late-filing claimants identified by Plaintiffs in their motion be included as Qualified Claimants. The Court GRANTS IN PART the motion for incentive awards, costs, and attorney's fees, awarding incentive awards in the amount of $2,000 to each named plaintiff, $15,314.61 to Plaintiffs' counsel for costs, and $137,500 to Plaintiffs' counsel for attorney's fees.

**IT IS SO ORDERED**.

DATED this 25th day of November 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge